[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a summary process action pertaining to the premises known as 236 West Thames Street, Norwich, Connecticut.[1]
A certified copy of a certificate of foreclosure, dated June 2, 2000, was entered into evidence at trial. (Plaintiff's Ex. 1.) That document established that the Banker's Trust Company, as trustee for Walsh Securities 1996-1, held lawful title to the subject premises pursuant to a judgment of foreclosure which entered at the Superior Court for the Judicial District of New London on May 1, 2000.[2]
The defendant, Thames Art Studio, is a business operated at 236 West Thames Street in Norwich by Richard Dykas. The business is not incorporated. Mr. Dykas filed a pro se appearance with the court on August 23, 2000, and was present at trial on November 17, 2000, and at further proceedings which were held on November 29, 2000.
Thomas J. Burke, a deputy sheriff, testified at trial. Based on the testimony of Mr. Burke, and an examination of the court's file, the court finds that abode service of an appropriate notice to-quit was made on the defendant on July 11, 2000. The court further finds that the writ, summons and complaint in this matter was appropriately served upon the defendant on August 14, 2000.
As noted above, the defendant, Richard Dykas, appeared in this proceeding. The court finds, therefore, that the defendant had notice, and that this court has jurisdiction over the matter. CT Page 15010
 Factual Findings
The following facts were proven by a preponderance of the evidence at trial. In approximately 1995, the defendant rented the premises at 236 West Thames Street in Norwich pursuant to an oral month-to-month rental agreement. The agreement was between the defendant and the building's then owner, an individual named Sandy Zolatz. The defendant agreed to pay Mr. Zolatz the sum of $100.00 per month as rental for the subject premises. Mr. Zolatz subsequently sold the building to an individual named Ralph Abbott.
The defendant remained in possession of the premises at the time of that sale and subsequently entered into an oral, month-to-month rental agreement with Mr. Abbott. Pursuant to that agreement, the defendant paid Mr. Abbott $150.00 per month as rental for the premises at 236 West Thames Street, Norwich.
As noted above, Plaintiff's Exhibit 1 proved that Mr. Abbott's interest in 236 West Thames Street, Norwich was foreclosed by an order of the Superior Court for the Judicial District of New London on May 1, 2000. Subsequent to the foreclosure, the defendant did not enter into any kind of lease or rental agreement with the plaintiff for the subject premises. He has not paid any rent to the plaintiff since the date of the foreclosure.
The defendant is an artist. He displays and sells some of his paintings at the 236 West Thames Street premises. He also stores equipment such as compressors, easels and air brushes in the building. Although the defendant sometimes works at other locations painting murals, he also produces some of his art work at 236 West Thames Street. The defendant has informed the court that while he does not live at the premises, he sometimes stays there while he is working.[3] The court finds that the subject premises are commercial premises and are not "used for dwelling purposes" as that term is utilized in C.G.S. § 47a-39.
At trial, on November 17, 2000, the defendant indicated that it would be a tremendous hardship for him to relocate his business. He asked the court for as much time as possible in order to relocate. The defendant testified that he is looking for other rental space but thus far has not been able to find an appropriate site for his business. As noted above, this court held further proceedings on November 29, 2000. The court held these proceedings in order to inform the defendant that he did not appear to qualify for a stay of execution under C.G.S. § 47a-39 because the premises are not used as his dwelling. Prior to the commencement of the hearing on November 29, 2000, the court requested that the plaintiff's counsel and defendant meet with the court's housing specialist in order CT Page 15011 to see if an arrangement could be achieved between the parties concerning the relocation issue. That mediation was not successful. During the hearing which was subsequently held on November 29, 2000, the defendant stated in court that he did not believe that further mediation between plaintiff's counsel and himself would be fruitful.
The court finds as proven by a preponderance of the evidence that the plaintiff Banker's Trust Company, Trustee, has title to the subject premises by virtue of a foreclosure judgment, and that there has never been a lease or rental agreement of any kind between plaintiff and the defendant.
The court further finds as proven by a preponderance of the evidence that although the defendant originally had the right to occupy 236 West Thames Street, that right has been terminated. Accordingly, the defendant, who as of this date remains in the subject premises at 236 West Thames Street in Norwich, no longer has the right or privilege to occupy those premises. Judgment of possession in favor of the plaintiff, Banker's Trust Company, Trustee, may enter against the defendant.
The court is unable to grant the pro se defendant's request for a stay of execution (additional time to relocate) because it cannot make the requisite finding under § 47a-39 that the premises are used for dwelling purposes. Although the defendant maintains that he sometimes stays there when he is working, the evidence and testimony clearly establish that these are commercial premises and do not appear to be used for dwelling purposes as that term is meant within the stay of execution statute.
BY THE COURT:
Dyer, J.